UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVONE LOVOWE RAMSEY, | Case No. 2:20-cv-02544-JAM-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et. al.*, | ECF No. 2 |
| | SCREENING ORDER THAT PLAINTIFF: |
| Defendants. | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER. |
| | ECF No. 1 |
| | SIXTY-DAY DEADLINE |

Plaintiff Ravone Lovowe Ramsey is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendants California Department of Corrections and Rehabilitation ("CDCR") and California Health Facility-Stockton ("CHF") violated his Eighth Amendment rights by providing inadequate care for an eye condition. ECF No. 1 at 3-4. I find, for the reasons stated below, that plaintiff has failed to state a cognizable claim. I will give him leave to amend his complaint.

1

Plaintiff has also filed an application to proceed *in forma pauperis*. ECF No 2. It makes the required showing and is granted.[1]

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

[1] Plaintiff will pay the filing fee in accordance with the concurrently filed collection order.

**Analysis**

Plaintiff alleges that defendants CDCR and CHF provided inadequate care for an eye injury that he suffered in October of 2019. ECF No. 1 at 4. He claims that he waited five days before receiving any medical care for the injury and that defendants delayed scheduling corrective surgery. *Id.* Plaintiff does not allege the exact nature of the injury. State agency CDCR, and by extension the prisons that CDCR controls, are not "persons" within the meaning of section 1983 and cannot be sued under that statute. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). If plaintiff wants this action to proceed, he should name the individual government actors, if any, responsible for his inadequate care.

I will give plaintiff leave to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff chooses to stand on his current complaint, I will recommend that it be dismissed for failure to state a claim.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   February 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE