UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVON LOVOWE RAMSEY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-02544-JAM-JDP (PC)<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO A RECOMMENDATION THAT THIS CASE BE DISMISSED<br><br>ECF No. 10<br><br>SIXTY-DAY DEADLINE |

Plaintiff Ravon Lovowe Ramsey is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He proceeds on his first amended complaint and alleges that defendants California Department of Corrections and Rehabilitation ("CDCR"), the Chief Medical Officer of Salinas Valley State Prison, Dr. K. Rasheed of Sani Eye Center, California Correctional Health Care Services ("CCHCS"), and the CCHCS Chief of Appeals violated his Eighth Amendment rights by denying him adequate medical care for an eye injury. ECF No. 13 at 3-6. I find, for the reasons stated below, that plaintiff's complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. I will give him leave to amend.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint is difficult to read and to understand. Although his allegations only span four pages, ECF No. 13 at 3-6, each of those pages is densely written and adheres to no obvious system of organization. I can tell that plaintiff's claims concern treatment for an eye injury that he sustained in October of 2019 and that he alleges that each of the defendants was in

1    some way responsible for that treatment's inadequacy.  I cannot tell, however, what specific
2    actions each defendant took.  Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff
3    must put each defendant on notice as to the nature of the claims against him or her.  *McHenry v.*
4    *Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  The complaint does not accomplish this.  The dense
5    paragraphs, difficult-to-decipher handwriting, and lack of organization convince me that the
6    complaint does not put any defendant on notice as to what wrongdoing he or she is alleged to
7    have committed.  It is ultimately up to plaintiff to write and organize his complaint.  I suggest,
8    however, that he use additional pages rather than attempting to squeeze the entire complaint into
9    the lines provided on the form.  I also suggest that plaintiff break his complaint into paragraphs so
10   that the reader can more easily follow his claims.

11        Plaintiff is also advised that a defendant cannot be served until he or she is identified.  He
12   has named two defendants—the Chief Medical Officer and Chief of Appeals—only by their job
13   titles.  Even if plaintiff eventually brings cognizable claims against these individuals, they must
14   be identified before they can be served.  He should try to determine their names by the time he
15   submits his next complaint.

16        Finally, plaintiff is advised that the CDCR itself is not a proper defendant because it is not
17   a "person" within the meaning of section 1983.  *Maldonado v. Harris*, 370 F.3d 945, 951 (9th
18   Cir. 2004) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore
19   not amenable to suit under that statute.").

20        I will give plaintiff leave to amend his complaint.  If plaintiff decides to file an amended
21   complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa*
22   *County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended
23   complaint must be complete on its face without reference to the prior pleading.  *See* E.D. Cal.
24   Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any
25   function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert
26   each claim and allege each defendant's involvement in sufficient detail.  The amended complaint
27   should be titled "Second Amended Complaint" and refer to the appropriate case number.  If
28   plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 6, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE