UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVON LOVOWE RAMSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>RASHEED, et al.,<br><br>    Defendants | No.  2:20-cv-02544-DAD-JDP (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 43, 57) |

    Plaintiff Ravon Lovowe Ramsey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On July 18, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 43) be granted.  (Doc. No. 57.)  Specifically, the magistrate judge concluded that under the undisputed evidence before the court on summary judgment, any delay by defendant Dr. Rasheed in performing globe repair surgery on plaintiff's injured left eye from the time of his initial consultation with plaintiff on October 24, 2019 until the surgery was performed on October 28, 2019, was medically appropriate and acceptable.  (*Id*. at 8.)   In addition, the magistrate judge found that defendant Dr. Rasheed was not deliberately indifferent to plaintiff's serious medical need by failing to prescribe him post-surgery pain medication and by failing to ensure plaintiff was promptly seen by a retina

1   specialist. (*Id.*) This conclusion was reached based on the evidence before the court establishing
2   that only California Department of Corrections and Rehabilitation ("CDCR") medical staff, not
3   outside physicians, could prescribe pain medication for inmates, and while defendant Dr. Rasheed
4   recommended that plaintiff be referred to a retina specialist, CDCR doctors were responsible for
5   scheduling that referral. (*Id.*) Finally, the magistrate judge concluded that defendants Dr. Singh
6   and Gates, both of whom were involved only in reviewing plaintiff's inmate grievances related to
7   his medical care, were not deliberately indifferent to plaintiff's serious medical needs by denying
8   plaintiff's health care grievances because the evidence established that plaintiff was receiving
9   medically acceptable treatment consistent with the plan created by his primary care physician,
10  including regular referrals to ophthalmologists. (*Id.* at 9.)

11  The findings and recommendations were served on all parties and contained notice that
12  any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 10.) After
13  obtaining an extension of time in which to do so (Doc. No. 60), on August 14, 2023, plaintiff
14  timely filed his objections to the pending findings and recommendations. (Doc. No. 61.) On
15  August 18, 2023, defendants filed a response to plaintiff's objections. (Doc. No. 62.)

16  In his objections, plaintiff repeats his arguments that his globe repair surgery by defendant
17  Dr. Rasheed, as opposed to his subsequent 2020 retinal surgeries, should have been performed
18  immediately on an "emergency" basis rather than on the merely "urgent" basis as scheduled by
19  Dr. Rasheed. (Doc. No. 61 at 4–5.) Plaintiff also repeats his arguments with respect to the delay
20  he experienced in being seen by a retina specialist and the deterioration of the condition of his eye
21  during that delay. (*Id.* at 5–7.) However, as pointed out in the pending findings and
22  recommendations, there is no evidence indicating that the delay experienced by plaintiff in seeing
23  a retina specialist following the repair surgery performed by Dr. Rasheed was in any manner
24  attributable to the actions of defendants Dr. Rasheed, Dr. Singh or Gates or due to their failure to
25  take actions for which they were responsible. (Doc. No. 57 at 8–9.)[1] In short, plaintiff's

---

[1] In his objections, plaintiff, in passing, mentions the Americans with Disabilities Act ("the ADA"). (Doc. No. 61 at 2.) In their reply, defendants object to that reference as a new allegation not contained in plaintiff's operative second amended complaint and an improper attempt by plaintiff to further amend his complaint. (Doc. No. 62 at 1–2.) The court does not view

2

objections provide no basis upon which to reject the pending findings and recommendations, which thoroughly analyzed the evidence submitted and the law applicable to defendants' motion for summary judgment.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections and defendants' response, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on July 18, 2023 (Doc. No. 57) are adopted in full;
2. Defendants' motion for summary judgment (Doc. No. 43) is granted; and
3. The Clerk of the Court is directed to enter judgment in favor of defendants and close this case.

IT IS SO ORDERED.

Dated:   **September 12, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

plaintiff's reference to the ADA as such.  Nonetheless, plaintiff's passing reference to the ADA raises no ground upon which to question the pending findings and recommendations.